83 489
1ap499
3ap296
83 489
158a 672
8 . 489
81 AD 236

Lawrence J. O'Connor, Respondent, v. Horace Waldo, Individually and as Administrator, etc., of Francis W. Waldo, Deceased, and Another, Appellants, Impleaded with Others.

*Trustees — power to alienate the trust estate.*

A trustee has no general power of disposition of a trust estate, but must derive such power from the instrument creating the trust, or, under special circumstances, such power may be implied; but where there is in the instrument creating the trust a designation of the method in which the trust estate is to be sold, if at all, the trustee cannot convey any title except in the manner thus specified in the trust deed. The existence of provisions of the trust deed, designating a certain method for the sale of the trust property, necessarily excludes all other powers in respect to the alienation of the trust estate by the trustees.

Appeal by the defendants, Horace Waldo, individually and as administrator, etc., of Francis W. Waldo, deceased, and another, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of March, 1893, upon the decision of the court rendered after a trial at the New York Special Term.

*Chas. E. Miller*, for the appellant Waldo individually and as administrator.

*John A. Deady*, guardian *ad litem* of Rhinelander Waldo, appellant.

*J. R. Abney*, for the respondent.

Van Brunt, P. J.:

This action was brought against Horace Waldo individually as one of the devisees of Sarah C. H. Waldo, deceased, and as administrator of Francis W. Waldo, deceased, and against Rhinelander Waldo individually as one of the heirs of a devisee of Sarah C. H. Waldo, deceased, to collect out of real property in the city of New York a certain debt claimed to have been due by said Sarah C. H. Waldo at her death. The action was brought upon a bond alleged to have been executed in South Carolina on the 27th of April, 1870, by Sarah C. H. Waldo and delivered to Martin L.

Wilkins as special commissioner appointed by the Court of Common Pleas for Charleston County, S. C. Wilkins is alleged to have assigned this bond to Elizabeth H. Jervey, guardian of Hannah H. Trapier, on the 16th of January, 1871. The said bond fell due on the 12th of January, 1873. It is further claimed that under a marriage settlement dated February 11, 1878, the bond was assigned to Theodore D. Jervey as trustee. On the 10th of April, 1884, it is claimed that Theodore D. Jervey as trustee assigned the bond to the plaintiff, and this action was commenced upon said bond in July, 1884.

Various questions have been presented upon this appeal, which it is not necessary to consider. The only one which it is proper to discuss is that challenging the title of the plaintiff. It is claimed that the assignor of the plaintiff being a trustee, had no power to assign the bond in question to the plaintiff in the manner attempted to be done by him. The said trustee acquired his title, if any, by reason of a marriage settlement entered into between Arthur P. Jervey of the first part, Elizabeth H. Jervey and Hannah H. Trapier of the second part and Theodore D. Jervey of the third part. This settlement, after reciting that a marriage was shortly to be solemnized between Arthur P. Jervey and said Hannah H. Trapier, with the consent and approbation of said Elizabeth H. Jervey, the parent and guardian of said Hannah H. Trapier, who were the parties of the second part, and that it was agreed that the property of the said Hannah H. Trapier should be conveyed and settled, in trust, in the manner thereinafter provided, conveyed, in consideration of said agreement and of said intended marriage, certain property, including the bond in question, to Theodore D. Jervey, the party of the third part, in trust to permit and suffer the said Hannah H. Trapier, for and during the term of her natural life, to hold the said property to her own separate use, and if her said proposed husband should survive her, then in trust to permit and suffer the said Arthur P. Jervey to take and receive the income and profits thereof during the term of his natural life, and from and after the death of both making other disposition of the property. The deed further provided that if, at any time thereafter, the said Arthur P. and Hannah H., his intended wife, during their joint lives, or the said Hannah, in case she survived, should be minded to dispose of the said property, or any part

thereof, for the purpose of changing the investment, it should be lawful for said Theodore D. Jervey, his heirs or assigns, upon the written request of the said Arthur and Hannah, or of the said Hannah, the survivor, to sell and dispose of said property, or any part thereof; provided, however, that the net proceeds of such sale should be invested forthwith by said Theodore D. Jervey, his heirs or assigns, in his or their names as trustees, etc.

It seems to be apparent, upon a consideration of this trust deed, that the trustee had no power to make any conveyance of this trust property, except upon the consent of his *cestui que trust*. In the case at bar it is not claimed that any such consent was obtained. All that the record discloses is a simple assignment executed by the trustee. The rule has been too well established to need the citation of authorities here that a trustee has no general power of disposition of a trust estate, but must derive such power from the instrument creating the trust, or in special circumstances it has been held that such power might be implied. But where there is a designation of the method in which the trust estate is to be sold, if at all, there can be no question but that the trustee cannot convey any title except in the manner provided for by the trust deed. The provision in the deed necessarily excludes all other powers. At the trial, when this assignment from the trustee was offered in evidence, it was objected to as being immaterial, incompetent and irrelevant. It was clearly incompetent, under the provisions of the trust deed, to prove a conveyance of any title to the plaintiff of the bond in question.

Without discussing the other points raised it would seem that this objection is fatal to the judgment appealed from, and that the same should be reversed and a new trial ordered, with costs to the appellants to abide the event.

O'BRIEN and PARKER, JJ., concurred.

Judgment reversed; new trial ordered, costs to appellants to abide event.